UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID P. MARRA,

           Docket No. 1:20-cv-159

  Plaintiff,

v

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, CHARLES RIVER
LABORATORIES PLAN, and BLUE CROSS
AND BLUE SHIELD OF MASSACHUSETTS,
INC.,

  Defendants.
_____/

## PLAINTIFF'S COMPLAINT

NOW COMES Plaintiff, David P. Marra, by and through his attorneys, KONING & JILEK, P.C., and for his Complaint against the Defendants, states as follows:

### NATURE OF ACTION AND JURISDICTION

1. This is an action to:

   A. Declare Plaintiff's right to benefits and the priority of coverage under §502(a)(1)(B) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §1132, and the Michigan No-Fault Act, M.C.L. §500.3101, et. seq.;

   B. Declare invalid any improperly asserted lien, enjoin certain acts and practices and to obtain other appropriate equitable relief under §502(a)(3) of ERISA, 29 U.S.C. §1132(a)(3); and

C.  For payment of Michigan no-fault benefits now due and owing or as may become due and owing during the course of this action.

2. This Court has subject jurisdiction of Plaintiff's ERISA claim pursuant to 29 U.S.C. §1132(e)(1).

3. This Court has supplemental jurisdiction over Plaintiff's claims under the Michigan No-Fault Act pursuant to 28 U.S.C. §1367(a).

4. Venue is proper in this district pursuant to 29 U.S.C. §1132(e)(2) and 28 U.S.C. §1391(b).

## THE PARTIES

5. Plaintiff, David P. Marra, is a natural person and resides in Kalamazoo, Michigan.

6. Defendant Blue Cross and Blue Shield of Massachusetts, Inc. is the administrator for Defendant Charles River Laboratories Plan ("the Plan").

7. The Plan is a non-insured, self-funded health benefit plan which is financed by contributions by your group and/or its enrolled employees.  See, Exhibit 1.

8. Defendant State Farm Mutual Automobile Insurance Company ("State Farm") is an Illinois insurance company that provides Michigan no-fault automobile insurance coverage to Michigan residents under policies of insurance sold throughout Michigan and regularly conducts business within the Western District.

## FACTUAL BACKGROUND
## THE MVA AND THE THIRD PARTY TORTFEASOR RECOVERY

9. Plaintiff was involved in a motor vehicle related accident (hereinafter "MVA") on February 23, 2019, in Kalamazoo County, Michigan.

10. As a result of the MVA, Plaintiff suffered injuries including a synovial cyst of the lumbar spine, foraminal stenosis of lumbar region (left), lumbar back pain, and chronic bilateral thoracic back pain.

11. Due to the MVA, Plaintiff suffered a "serious impairment of body function," which, under the Michigan No-Fault Act, M.C.L. §500.3135, entitled him to recover non-economic damages for his pain and suffering from the driver and owner of the at-fault motor vehicle involved in the collision via a third party tortfeasor claim.

12. However, under the statutory scheme of Michigan's No-Fault Act, Plaintiff is prohibited from recovering any medical expenses or other first party benefits from the third party tortfeasor or his insurer. See, M.C.L. §500.3116 forbidding reimbursement of medical benefits paid from any recovery under "a claim in tort based on the same accident bodily injury."

13. Plaintiff has not yet filed a third party complaint against the at-fault driver, but has made a claim against the at-fault driver's insurance company. As set forth above, no portion of any recovery from the at-fault driver can be on account of any first party benefits paid by Blue Cross and Blue Shield of Massachusetts, Inc. or the Plan. The Plan is not entitled to any such recovery. Under Michigan law, §3116 of the No-Fault Act, a first party insurer cannot claim a lien against a third party tortfeasor recovery. These are totally separate claims and there is no duplication of benefits.

14. Given the nature and extent of Plaintiff's injuries, the coverage available under any insurance policy from the at-fault driver is not expected to make him whole.

15. Further, Plaintiff has incurred attorney fees and costs in making a claim against the at-fault driver; said fees and costs continue to be incurred by Plaintiff.

## PLAINTIFF'S FIRST PARTY INSURANCE, MEDICAL TREATMENT, AND THE PLAN'S IMPROPERLY CLAIMED LIEN

16. As a consequence of his injuries, Plaintiff required medical treatment.

17. Much of this medical treatment for injuries arising out of the collision was paid for by the Plan.

18. The Plan may have taken back payments made for treatments related to the MVA.

19. At all material times to this Complaint, Plaintiff was entitled to health benefits provided by the Plan because he was a plan participant and had elected coverage through his wife's employment with Charles River Laboratories.

20. At all material times to this Complaint, Plaintiff was also covered for first party personal protection insurance (PIP) benefits by a policy issued by State Farm, which provides for payment of all allowable expenses for Plaintiff's medical care, recovery, and rehabilitation in accordance with M.C.L. §500.3107.

21. By its adjuster, Alexis Berrios, State Farm has indicated that its policy is a coordinated or excess medical policy. See, Exhibit 2.

22. With respect to coordination of coverage with Michigan no-fault coverage for automobile accidents, the Plan specifically provides that it is not primary when no-fault coverage is available. See, Exhibit 3.

23. In other words, when PIP is involved, the Plan is no longer primary, it is secondary to any PIP policy regardless of whether the PIP is coordinated.

24. The Plan has subrogation and coordination of benefits rights. *Id.*

25. According to the Plan, in consideration for the advancement of benefits, the Plan has subrogated all of the rights against any party liable for injury or illness. See, Exhibit 4.

26. Under Michigan law, a third party tortfeasor cannot be sued for medical bills. The only entity who may be responsible for payment of medical treatment is State Farm, the applicable no-fault carrier.

27. According to the Plan's own language, if personal protection insurance benefits (PIP) are available, the Plan will not pay benefits until PIP is exhausted.

28. Under current Michigan law, payment of PIP benefits is lifelong.

29. According to the Plan's own language, there is no valid lien against Plaintiff's claim against the at-fault driver.

30. Regardless, the Plan has asserted a lien and has refused to acknowledge that such lien does not apply to Plaintiff's third party tortfeasor recovery.

31. If the Plan's lien was valid, it would be payable by State Farm as a first party medical benefit. See, *Sibley v. Detroit Auto. Inter-Insurance Exchange*, 431 Mich. 164; 427 N.W.2d 528 (1988).

32. In the alternative, to the extent that the Plan has any valid claims of reimbursement for medical expenses by a lien against third-party tort recovery that may be obtained by Plaintiff, then those expenses were not really primarily payable by the Plan and State Farm must be deemed primary with respect to payment of Plaintiff's medical claims.

## COUNT I

**Request for Declaration of Rights Under ERISA and Michigan No-Fault Act Declaring the Plan's Lien Invalid, or, in the Alternative, Payable by State Farm, and Determining Priority as Between the Plan and State Farm**

33. Plaintiff incorporates by reference and realleges each paragraph, 1 through 32, as though fully set forth herein.

34. The Plan does not have a valid claim for reimbursement or subrogation or lien against a third-party automobile negligence recovery by Plaintiff where there is no duplication in benefits as in this case.

35. To the extent that there is any ambiguity in priority or coordination, the fund against which the Plan may seek reimbursement or subrogation is potentially the State Farm PIP policy, which provides coverage for first party benefits, including medical expenses, arising from the collision.

36. If the respective "coordination of benefits" language of the Plan and the State Farm policy determine the Plan primary, then the Plan remains primary in priority and State Farm is secondary in priority.

37. If, however, the Plan provisions regarding reimbursement/subrogation take precedence, essentially nullifying the above-referenced "coordination of benefits" language, then the Plan may have a right of reimbursement or subrogation against State Farm.

38. Under Michigan law, the "courts have developed a priority of coverage rule that, if a policy of no-fault insurance contains a coordination-of-benefits clause under section 3109a and an applicable health care policy also contains a coordination-of-benefits provision, the health insurer will be deemed primary." *Glover v. Nationwide Mut. Fire Ins. Co.*, 676 F. Supp. 2d 602 (W.D. Mich. 2009).

39. In this case, however, the Plan provides an exclusion if PIP coverage exists.

40. Either the Plan or State Farm is primarily responsible for paying the medical expenses incurred by Plaintiff as a result of the collision. In any event, under no circumstances, is the Plaintiff liable to Blue Cross and Blue Shield of Massachusetts, Inc. or the Plan for repayment of Plaintiff's medical expenses from this third party tortfeasor recovery.

41. If the Court determines that Plaintiff is required to reimburse the Plan for benefits paid from his third party tortfeasor recovery, then such reimbursement is an allowable expense under the No-Fault Act and Defendant State Farm must reimburse Plaintiff for such expense. See, *Glover, supra*.

42. There is a real and present controversy between the parties requiring the Court to declare their respective rights and duties in this regard.

WHEREFORE, Plaintiff requests this Honorable Court declare the rights and duties of the parties regarding payment of Plaintiff's benefits and the priority of coverage under the terms of the Plan, and the terms of the State Farm policy, and pursuant to the Michigan No-Fault Act finding that the Plan's claim of lien against Plaintiff's third party tortfeasor recovery is invalid, and determining the priority of coverage as between the Plan and State Farm. In the alternative, Plaintiff requests that if the Court finds that the Plan lien is valid, that it is payable by State Farm as an allowable expense.

## COUNT II

### Action for Michigan No-Fault Benefits

43. Plaintiff incorporates by reference and realleges each paragraph, 1 through 42, as though fully set forth herein.

44. As a result of the MVA, Plaintiff incurred reasonable and reasonably necessary allowable expenses as provided for in the Michigan No-Fault Act, M.C.L. §500.3101, *et. seq.*

45. Plaintiff made timely and lawful application to State Farm for no-fault benefits. Plaintiff has fully and completely complied with all of the requirements of the statutes of the State of Michigan regarding claims for no-fault benefits.

46. Plaintiff has submitted to State Farm, directly or through his treating healthcare providers, reasonable proof of the fact and the amounts of the losses incurred and claims arising as a result of his injuries from the MVA, including allowable expenses and other no-fault benefits Plaintiff is entitled to under the Michigan no-fault statute.

47. Defendant State Farm has breached its statutory contractual obligations to Plaintiff's benefits under the No-Fault Act by unreasonably and unlawfully refusing to pay the no-fault benefits now due and owing.

48. State Farm has had reasonable proof of these claims and has unreasonably refused to pay them within the statutory 30 day time period as set forth under the Michigan No-Fault Act, thereby entitling Plaintiff to attorney fees, costs, and statutory and penalty interest due to said breach.

49. That on account of the MVA, Plaintiff has sought and continues to require treatment directly related to the injuries sustained in the MVA. Further, Plaintiff will suffer loss of wages which he would have earned but for the injuries sustained in the MVA as well as incurring replacement services, medical mileage, and the like. Plaintiff includes in this action any benefits wrongfully denied during the pendency of this action.

50. Plaintiff is requesting payment of all benefits due and owing as set forth under the Michigan No-Fault Act up to the statutory "present date." The statutory present date is defined as the time of settlement, award, or verdict.

WHEREFORE, Plaintiff prays that this Honorable Court enter a judgment against Defendant State Farm pursuant to the Michigan No-Fault Act, in the total amount found to be due and owing at the time of trial, plus statutory interest of twelve (12%) percent and actual attorney fees sustained in this case and any and all other recoverable costs, sanctions, damages, and/or penalties.

        Respectfully submitted,

        KONING & JILEK, P.C.

Dated: February 21, 2020　　　　　　　　/s/ Jonathan N. Jilek
        Jonathan N. Jilek (P65299)
        Attorney for Plaintiff